# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION NO. 16-0274-CG |
| ) | |
| v. ) | CRIM. ACTION NO. 10-0271-CG-N |
| ) | |
| **JARVIS ANDERSON,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATIONS

Jarvis Anderson, a federal prisoner proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct pursuant to U.S.C. § 2255. (Doc. 58). Under S.D. Ala. GenLR 72(a)(2)(R), this matter been referred to the undersigned Magistrate Judge who is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  *See* S.D. Ala. GenLR 72(b); (case docket, 6/10/2016 electronic reference).

After conducting preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned entered

an order for Anderson to show cause why his petition should not be dismissed as time-barred. (Doc. 59). Anderson timely filed a Reply (Doc. 62). The § 2255 motion is now under submission.

Having reviewed the Anderson's submissions in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings, the undersigned finds that an evidentiary hearing is not warranted and that Anderson's § 2255 motion (Doc. 58) is due be **DISMISSED with prejudice**. The undersigned further recommends that Anderson be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

On January 20, 2011, Petitioner entered a plea of guilty to two felony counts, (1) being a felon in possession of a firearm in violation of Title 18 U.S.C. §922(g)(1) and (2) being in possession of an unregistered firearm (silencer) in violation of Title 26 US.C. §5861(d). (Doc. 21). Prior to sentencing, the Probation Office for this District prepared a Presentence Investigation Report ("PSI"), wherein, among other things, Anderson was given a four point enhancement to § 2K2.1(b)(6) because his crimes took place in connection with another felony offense (burglary of a dwelling). (Doc. 25 at 7). On April 21, 2011, Petitioner was sentenced to 100 months as to each count to run concurrently. (Doc. 29). On April 29, 2011, Petitioner filed a Notice of Appeal. (Doc. 31). His counsel filed a

brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) stating there were no viable issues to be reviewed on appeal. (Doc. 54 at 2). The Appeals Court agreed and Anderson's conviction was affirmed on April 26, 2012. (Doc. 55).

No further activity occurred in this criminal action until Anderson filed the present Motion to Vacate, Set Aside, or Correct pursuant to U.S.C. § 2255 on July 6, 2016. (Doc. 58).[1] Therein, Petitioner asserts that the District Court erred by issuing a four point enhancement to § 2K2.1(b)(6) because a firearm was possessed in connection with another felony offense. Under Paragraph 18 of Petitioner's Motion, entitled "Timeliness of Motion", Petitioner states "[i]n light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) this motion 2255(f)(3) is timely because *Johnson* is a new rule of constitutional law made retroactive to case on collateral review by the Supreme Court that was previously unavailable." (Doc. 58 at 12).

After an initial review of this action, this Court Ordered Plaintiff to show cause why his petition should not be dismissed as time-barred. (Doc. 59).[2] On December 5, 2016, Anderson filed a Reply (Doc. 62) asserting

---

[1] Petitioner initially filed a handwritten Motion to Vacate (Doc. 56) on June 9, 2016, that has

[2] S*ee In re Jackson, 826 F.3d 1343, 1348 (11th Cir. 2016)(* "[w]hile courts are nonetheless permitted (but again, not obliged) to consider a limitations defense *sua sponte* in certain cases, 'before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.") (quoting *Day v. McDonough*, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006).

ineffective assistance of counsel at his sentencing and urging that *Johnson* should apply.

## II.  DISCUSSION

The Anti-terrorism and Effective Death Penalty Act AEDPA imposes a one-year statute of limitations for filing a § 2255 motion. See 28 U.S.C. § 2255; *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999).  For federal prisoners filing § 2255 motions, the statute of limitations runs from the latest of the following trigger dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It is undisputed that the present § 2255 motion was filed more than one year after Petitioner's conviction became final.  However, in his reply, Anderson, for the first time, asserts that his counsel was ineffective at his sentencing, which this Court interprets as Anderson's effort to establish that his claim should be equitably tolled.

4

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

*Powe v. Culliver*, 205 Fed.Appx. 729, 732 (11th Cir. Sept. 19, 2006). As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

As an initial matter, Anderson did not assert an ineffective assistance of counsel claim in his § 2255 Petition. To the extent that Anderson's Reply seeks to present such a claim in support of tolling the

5

applicable statute of limitations, the same fails because Anderson has not presented valid reason, much less shown "extraordinary circumstances" for not asserting this claim within the applicable one year statute of limitations. Therefore, this Court does not find that Anderson's ineffective assistance of counsel claim justifies the untimeliness of his § 2255 Petition. Thus, the only way in which Petitioner's motion is not time-barred is if *Johnson* is applicable to the subject motion.

In *USA v. Johnson*,[3] the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The ACCA increases sentences for certain offenders who have three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1).

Petitioner's Motion asserts that the District Court erred by "issuing a 4pt. enhancement as to § 2K2.1(b)(6)" which states as follows:

**(6)** If the defendant—

> **(A)** Possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States; or
>
> **(B) Used or possessed any firearm or ammunition in connection with another felony offense**; or possessed or transferred any firearm or ammunition with knowledge,

---

[3] *Johnson* was made retroactive to cases on collateral review by *Welch v. United States*, ⸺ U.S. ⸺, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

6

> intent, or reason to believe that it would be used or possessed in connection with another felony offense,

increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

U.S.S.G. § 2K2.1(b)(6) (emphasis added).

In the present action, the record is clear that Petitioner was not sentenced pursuant to the residual clause of the ACCA. Moreover, Petitioner has not asserted that the sentencing guidelines under which he was sentenced are unconstitutionally vague. Furthermore, to the extent that Petitioner's Motion seeks to invoke *Johnson* to invalidate his sentence under the sentencing guidelines, the Eleventh Circuit has rejected such a claim in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), ("[t]he vagueness doctrine … does not apply to advisory guidelines"); . *Accord, e.g.*, *United States v. Wilson*, No. 16-10911, 2016 WL 5539818, at *3 (11th Cir. Sept. 30, 2016) (per curiam) (unpublished) ("[I]n this circuit, the vagueness doctrine applied by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable to the advisory Guidelines. *United States v. Matchett*, 802 F.3d 1185, 1195-96 (11th Cir. 2015)).[4] Moreover, since the filing of Petitioner's petition in the

---

[4] At the time of Anderson's filing, Anderson seemed to recognize that *United States v. Matchett*, 802 F.3d 1185, 1195-96 (11th Cir. 2015) prevented the relief requested. In that respect he asked the Court to "stay his current § 2255 due to the substantial relevance *Beckles v. United States*, U.S. No. 15-8544 has on Petitioner's Johnson claim until the Supreme Court issues its decision." (Doc. 62 at 4). As discussed above, *Beckles* has now been decided and does not substantiate Petitioner's requested relief.

7

instant action, the Supreme Court has held that "[t]he Federal Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States,* No. 15-8544, 2017 WL 855781, at *6 (U.S. Mar. 6, 2017).

Because Petitioner in the present action was not sentenced under the residual clause of the ACCA, because Petitioner has not asserted that U.S.S.G. § 2K2.1(b)(6) is unconstitutionally vague, and because, in light of *Beckles*, *Johnson* does not apply to those instances where a person was sentenced under the sentencing guidelines, as Petitioner was, Petitioner's assertion that his claim is timely pursuant to *Johnson* is without merit. As a result, Plaintiff's Motion must have been filed within the applicable statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may

only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist

9

could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV.   Appeal In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C.A. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*,

15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned recommends the Court certify that any appeal by Anderson in this action would be without merit and therefore not taken in good faith and, accordingly, find that Johnson is not entitled to appeal *in forma pauperis*.

## CONCLUSION

For the reasons set forth herein above, it is recommended that Anderson's Petition be dismissed as time-barred. The undersigned further

recommends that Anderson be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## V. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of March, 2017.

  */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**